**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-4214**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JIMMY LEE WHITE, JR.,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:11-cr-02164-RBH-1)

———————————

Submitted:  August 2, 2012        Decided:  August 8, 2012

———————————

Before GREGORY, DUNCAN, and DAVIS, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jimmy Lee White, Jr., appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(e) (2006), and his sentence of 180 months' imprisonment. White's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but questioning whether the indictment was sufficient. White was notified of his right to file a pro se supplemental brief but has not done so. The Government has likewise elected not to file a brief. We affirm.

Because White did not move to withdraw his guilty plea, the Rule 11 plea colloquy is reviewed for plain error. United States v. Martinez, 277 F.3d 517 (4th Cir. 2002). Our review of the record leads us to conclude that the district court complied with Fed. R. Crim. P. 11 in accepting White's plea. Because White's plea was knowing and voluntary and the district court committed no procedural error in accepting the plea, we affirm White's conviction.

White's sentence is reviewed for reasonableness, applying the abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). We determine whether the district court correctly

2

calculated the advisory Guidelines range, whether the court considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). If the sentence is free of significant procedural error, we review the substantive reasonableness of the sentence. Lynn, 592 F.3d at 575; United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We conclude that White's sentencing hearing was free of procedural error and that his sentence, the mandatory minimum authorized under 18 U.S.C. § 924(e), is substantively reasonable.

To the extent that counsel challenges the indictment, such challenge fails. The indictment alleged a violation of 18 U.S.C. § 924(e), and White admitted the three predicate offenses used to establish his designation as an armed career criminal. Because White admitted the prior offenses and their qualification under § 924(e), there was no impermissible finding of fact by the district court. See, e.g., United States v. Alston, 611 F.3d 219, 226 (4th Cir. 2010); Almendarez-Torres v. United States, 523 U.S. 224 (1998).

In accordance with Anders, we have reviewed the record and found no meritorious issues for appeal. We therefore affirm White's conviction and sentence. This court requires counsel to

3

inform White, in writing, of the right to petition the Supreme Court of the United States for further review. If White requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on White. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4